UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re:  Oil Spill by the Oil Rig** | ) | **MDL 2179** |
| **"Deepwater Horizon" in the Gulf of** | ) | |
| **Mexico, on April 20, 2010** | ) | **SECTION:  J** |
| | ) | |
| | ) | **JUDGE BARBIER** |
| **This Document Relates To:** | ) | |
| *Pleading Bundle B1* | ) | **MAG. JUDGE SHUSHAN** |

| | | |
|---|---|---|
| **Zimmer's Seafood,** | ) | |
| | ) | **CIVIL ACTION NO._____** |
| Plaintiff, | ) | |
| | ) | **SECTION J** |
| vs. | ) | |
| | ) | **JUDGE BARBIER** |
| **BP Exploration & Production, Inc.; BP America** | ) | |
| **Production Company; BP p.l.c.; Transocean** | ) | |
| **Ltd.; Transocean Offshore Deepwater Drilling,** | ) | **MAG. JUDGE SHUSHAN** |
| **Inc.; Transocean Deepwater, Inc.; Transocean** | ) | |
| **Holdings, LLC; Triton Asset Leasing GmbH;** | ) | |
| **Halliburton Energy Services, Inc.; and Sperry** | ) | |
| **Drilling Services, a division of Halliburton** | ) | |
| **Energy Services, Inc.,** | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

**NOW COMES PLAINTIFF,** Zimmer's Seafood, through undersigned counsel, who does allege, aver and represent as follows:

### Nature of the Action

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

1

2. Plaintiff has suffered economic injury, damage and/or losses as a result of the oil spill.

## THE PARTIES, JURISDICTION AND VENUE

3. Plaintiff is a retail seafood business that is located in New Orleans, Louisiana.

4. Plaintiff brings these claims pursuant to Federal General Maritime Law including/and/or the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.*

5. Jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."

6. Jurisdiction also exists before this Court pursuant to the Oil Pollution Act, 33 U.S.C. § 2717(b) (the "OPA").

7. Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois.  BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714.  This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

8. Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

9. Defendant BP p.l.c. is a British public limited company with its corporate headquarters in London, England.  BP p.l.c. is the global parent company of the worldwide business operating under the "BP" logo.  BP p.l.c. operates its various business divisions, such as

the "Exploration and Production" division within BP Exploration and BP America, through vertical business arrangements aligned by product or service groups. BP p.l.c.'s operations are worldwide, including in the United States. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and are sufficiently controlled by BP p.l.c. so as to be BP p.l.c.'s agents in Louisiana and the U.S. more generally. Plaintiff further adopts and incorporate by reference all jurisdictional allegations against BP p.l.c. set forth in Paragraphs 212-218 of the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.*

10. BP Exploration, BP America, and BP p.l.c. are generally referred to herein collectively as the "BP Defendants" or "BP."

11. Defendant, Transocean Ltd. ("Transocean Ltd.") is a Swiss corporation that maintains substantial U. S. offices in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. According to its Complaint and Petition for Exoneration from or Limitation of Liability in The MDL, Transocean Ltd. was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

12. Defendant, Transocean Offshore Deepwater Drilling, Inc. ("Transocean Offshore") is a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Offshore is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

13. Defendant, Transocean Deepwater, Inc. ("Transocean Deepwater"), is a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent

times was doing business in the State of Louisiana and within this district. Transocean Deepwater is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

14. Defendant, Transocean Holdings, LLC ("Transocean Holdings") is a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Holdings is affiliated with Transocean Ltd. and is a wholly-owned subsidiary of Transocean Offshore. Transocean Holdings and party to the contract with BP regarding the lease of the Deepwater Horizon for drilling operations in the Gulf of Mexico. On April 28, 2010, the U.S. Coast Guard named Transocean Holdings as a "Responsible Party" under the Oil Pollution Act for the surface oil spill resulting from the blowout by the Deepwater Horizon.

15. Defendant, Triton Asset Leasing GmbH ("Triton") is a Swiss limited liability company with its principal place of business in Zug, Switzerland. Triton is affiliated with Transocean Ltd. and is an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

16. Defendants, Transocean Ltd., Transocean Deepwater, Transocean Offshore, Transocean Holdings, and Triton are hereinafter referred to collectively as "Transocean."

17. Defendant, Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Halliburton is registered to do and does business in the State of Louisiana. Halliburton provided engineering services, materials, testing, mixing, and pumping for cementing operations on board the Deepwater Horizon, as well as onshore engineering support for those operations.

18. Halliburton division Sperry Drilling Services (formerly Sperry Sun Drilling Services) was

responsible for mudlogging personnel and equipment on the Deepwater Horizon, including downhole drilling tools. Sperry mudlogging personnel were partially responsible for monitoring the well, including mud pit fluid levels, mud flow in and out of the well, mud gas levels, and pressure fluctuations. "Halliburton" shall refer to both Halliburton Energy Services, Inc. and its Sperry division.

19. Venue is proper in this jurisdiction because the defendants' actions, inactions, and failures directly and proximately caused the damage and harm to the Plaintiff in this jurisdiction.

## Factual Background

20. Plaintiff adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

21. Plaintiff further adopts and incorporates as if restated herein all factual allegations information contained in the Direct Filing Short Form/Short Form Joinder, Rec. Doc. No. 82694 filed by Plaintiff into No. 10-8888.

22. Plaintiff further adopts and incorporates as if fully restated herein Plaintiffs' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, 2011; Amended Response to Phase One Request for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012.

23. Plaintiff is a retail seafood business operating in the Gulf Coast area in New Orleans, LA. As a result of the oil spill, Plaintiff's revenues were significantly negatively impacted due to a dramatic increase in the cost of seafood after the spill and in a decrease in the

number of customers that patronized this business because of concerns with the safety of the seafood from this area. The oil spill therefore directly affected Plaintiff's overall revenues and gross/net profits. As a result, Plaintiff has and continues to sustain substantial losses in its customer base, overall revenues and profitability.

24. Plaintiff, out of the abundance of caution, made "presentment" of a Claim in accord with 33 USC §§ 2702(b) and 2713, by submitting a description of the claim with a "sum certain" and supporting documentation to the Deepwater Horizon Economic & Property Damages Settlement, said claim being considered a presentment per section 7.3 of said Settlement. Further, upon information and belief, a claim was also made directly to BP via claim number 160824 and to GCCF via claim number 1113785, as demonstrated on the Short Form Joinder.

25. Because Plaintiff asserted claims against the responsible party through its short form filing, the aforementioned presentments were made out of an abundance of caution.

26. BP has not responded to any of these claims.

## Claims for Relief

27. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints and the Short Form filings, against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiffs for removal costs and damages arising out of the following:

    a. Loss of Natural Resources;

    b. Loss or Damage to Real or Personal Property;

    c. Subsistence Use;

    d. Loss of Revenues;

    e. Loss of Profits and/or Earning Capacity; and

    f. Loss of Public Services.

28. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints and the Short Form filings, against all defendants identifying General Maritime Law causes of action and claims for relief relating to the following:

    a. Negligence; and

    b. Gross Negligence and Willful Misconduct.

29. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints and the Short Form filings, against all defendants for Punitive Damages arising out of willful and wanton misconduct and/or gross negligence as alleged and described in the MDL Complaints.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Zimmer's Seafood, demands judgment against Defendants, jointly, severally, and *in solido,* as follows:

    a. Economic and compensatory damages in amounts to be determined at trial;

    b. Punitive Damages;

    c. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d. Reasonable claims preparation expenses;

    e. Attorneys' fees;

    f. Costs of litigation; and

    g. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

## **REQUEST FOR TRIAL BY JURY**

Plaintiff requests that the above and foregoing be heard at trial by a jury of peers.

        Respectfully Submitted:

        ALVENDIA, KELLY & DEMAREST

        /s/J.Bart Kelly
        J. BART KELLY, III 24488
        JEANNE K. DEMAREST 23032
        RODERICK ALVENDIA 25554
        909 Poydras St., Suite 1625
        New Orleans, LA 70112
        504-200-0000 – phone
        504-200-0001 – fax
        Attorneys for Plaintiff